# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. KLIKUS,** | : | No. 3:13cv468 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **CORNELL IRON WORKS, INC.,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court for disposition is Defendant Cornell Iron Works, Inc. motion to dismiss Plaintiff Michael J. Klikus's age discrimination in employment case. The matter has been fully briefed and is ripe for disposition.

**Background**

Defendant employed plaintiff beginning in 1994. (Doc. 1, Compl. ¶ 9). On September 6, 2011, defendant's representatives informed plaintiff that he was being discharged for poor job performance. (Id. ¶ 11). Plaintiff is over forty (40) years of age. (Id. ¶ 23). He alleges that defendant terminated his employment to create a vacancy to hire a younger individual. (Id. ¶ 14). After plaintiff's termination, a younger individual was hired. (Id. ¶ 15).

The events leading up to plaintiff's termination began in July 2011. At this time, plaintiff worked as a Distributor Support Representative. (Id. ¶ 14). A customer questioned plaintiff regarding credit towards a transaction.

(Id.) Evidently displeased with the plaintiff's response, the customer complained to management, and defendant reassigned plaintiff to the position of Special Request and Designs Representative. (Id.)

After holding that position for a month, defendant informed plaintiff that the position was no longer available and he had to be transferred to the Information Technology Department if he wished to remain with the company. (Id.) Evidently the employees working in this department had to deal with computers. (Id.) Plaintiff informed his supervisors that he had only a basic knowledge of computers. (Id.) Defendant told plaintiff that he would be given a "crash course" in computers. (Id.) The date of the proposed crash course, however, conflicted with plaintiff's vacation, which was scheduled for August 26, 2011 through September 5, 2011. (Id.) Plaintiff requested additional leave due to automobile problems, and his supervisor approved the leave. (Id.) Defendant then terminated plaintiff on September 6, 2011. (Id.)

Based upon these facts, plaintiff instituted the instant legal action by filing a three-count complaint. The complaint asserts the following causes of action: Count One, Wrongful Termination under Pennsylvania law; Count Two, violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621 *et seq.*; Count Three, age discrimination in violation of the Pennsylvania Human Relations Act, ("PHRA"), 43 PA. CON. STAT. ANN. § 951 *et seq.*

Plaintiff seeks various types of damages including, *inter alia*, back pay, front pay, actual damages, damages for pain, suffering and humiliation, double damages for a wilful violation of the ADEA. (Id. *Ad Damnum Clause).*

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have briefed their respective positions, bringing the case to its present procedural posture.

**Jurisdiction**

As this case is brought pursuant to the ADEA for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by

Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Defendant's motion raises two general issues. Those issues are whether plaintiff's complaint fails to sufficiently allege a cause of action for age discrimination and whether plaintiff's wrongful discharge claim is preempted as a matter of law. We will address these issues in turn.

**I  Sufficiency of the complaint's age discrimination averments**

First, defendant argues that plaintiff has not alleged sufficient facts to support his age discrimination claims.  According to the defendant, plaintiff merely offers labels, conclusions and speculation as reasons for holding defendant liable for age discrimination.  The law requires more.  After a careful review, we agree with the defendant's conclusion.

The ADEA prohibits discrimination against individuals over forty (40) years of age in hiring, discharge, compensation, or privileges of employment based upon their age.  29 U.S.C. § 621.  A *prima facie* case of age discrimination is comprised of the following:

1) plaintiff is a member of the protected class, that is, over forty (40) years of age;

2) plaintiff was qualified for the position;

3) plaintiff suffered an adverse employment decision; and

4) plaintiff was replaced by someone sufficiently younger to permit an inference of age discrimination.

Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 300 (3d Cir. 2004).[1]

Defendant argues that plaintiff's complaint does not establish these age discrimination factors.  The Third Circuit Court of Appeals, however, has explained that because the elements of a *prima facie* case are an

---

[1] Our analysis is the same for the plaintiff's PHRA claim, as the PHRA and ADEA are evaluated under the same standards.  Colwell v. Rite Aid Corp., 602 F.3d 495, 500 n.3 (3d Cir. 2010).

evidentiary standard not a pleading standard, the law does not require the plaintiff to establish the elements of a *prima facie* case in his complaint. Fowler v. UPMC Shadyshide; UPMC, 578 F.3d 203, 213 (3d Cir. 2009). An "evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Id. Rather, plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary" elements of his cause of action. Id. (internal quotation marks and citation omitted). We find in this instance, that the *prima facie* elements provide us with a useful background against which to examine plaintiff's complaint.

In the instant case, an examination of the complaint reveals that plaintiff has not alleged facts sufficient to establish that plaintiff has a plausible claim for relief. The first element of an age discrimination case is that the plaintiff was in the protected age group. Monaco, 359 F.3d at 300. Plaintiff alleges that he is a member of the protected class, that is over forty, although he does not provide his date of birth or age. (Doc. 1, Compl. ¶ 23).

The next element of an age discrimination case is to determine if plaintiff was qualified for the position at issue. Monaco, 359 F.3d at 300. The complaint is unclear regarding plaintiff's qualifications. Indeed, it is not clear which position plaintiff's complaint is based upon. He held at least two positions, Distributor Support Representative and Special Request

7

and Designs Representative. (Doc. 1, Compl. ¶ 14). Then he was told that Special Request and Designs Representative position "was no longer available," and he was offered a position in the Information Technology Department. (Id.) The complaint hints that he was not qualified for this position. (Id.) (stating that plaintiff had "no programing experience and basic knowledge of computers"). Then on September 6, 2011, evidently before he was trained for the proposed new position, defendant terminated plaintiff's employment. (Id. ¶ 14).[2] The gist of the complaint seems to be the defendant sought to remove plaintiff from his position as a Distributor Support Representative so that it could hire a younger person for that position. This theory, however, is by no means clear from the complaint's averments.

Next, plaintiff must indicate that he suffered an adverse employment action. Monaco, 359 F.3d at 300. Here, plaintiff alleges several. He was removed from two positions and eventually terminated. (Id. ¶ 14).

The final element of a *prima facie* case is that plaintiff was replaced by someone of a sufficiently younger age to permit an inference of age discrimination. Monaco, 359 F.3d at 300. Plaintiff has not pled sufficient facts with regard to this element. He fails to allege his age, except to say that he is over forty. Additionally, he fails to state his replacement's age

---

[2]Although the complaint indicates that defendant terminated his employment, it also indicates that he was constructively discharged. (Id. ¶¶ 14, 17).

except to indicate that he was "a younger individual." (Id. ¶ 16).

Thus, while plaintiff's complaint appears to contain the kernel of a cause of action, it does not plead its facts with sufficient clarity to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of an age discrimination claim. See Fowler, 578 F.3d at 213. Plaintiff fails to clearly allege which adverse employment action/termination he claims was caused by discrimination. He does not allege he was qualified for the positions he sets forth in the complaint, and he does not allege a sufficient age disparity between his replacement and himself so as to give rise to the inference of discrimination. Accordingly, we will dismiss the complaint. The dismissal, however, will be without prejudice to the plaintiff filing an amended complaint within fourteen (14) days. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."); Palazzolo v. Damsker, No. 10-cv-7430, 2011 WL 2601536 (E.D. Pa. June 30, 2011) (dismissing an age discrimination case because the plaintiff had not pled the plaintiff was replaced by a sufficiently younger individual to permit an inference of age discrimination). If plaintiff fails to file a timely amended complaint the court will close this case with prejudice.

## II. Wrongful discharge

The second issue raised by the defendant involves plaintiff's wrongful discharge claim. Defendant asserts that this claim is preempted by the PHRA claim. Plaintiff did not address this issue in his memorandum. Thus, we briefly note that defendant is correct. Plaintiff's wrongful discharge claim is preempted by his PHRA claim. Murray v. Comm. Union Ins. Co., 782 F.2d 432, 437 (3d Cir. 1986). The wrongful discharge claim will be dismissed with prejudice as amendment would be futile. Phillips, 515 F.3d at 245.

## Conclusion

Count One of plaintiff's complaint, wrongful discharge, is dismissed with prejudice as it is preempted by plaintiff's PHRA claim. Counts Two and Three, plaintiff's ADEA and PHRA claims respectively, are dismissed without prejudice to the plaintiff filing an amended complaint within fourteen (14) days that properly asserts these causes of action. If an amended complaint is not filed within that time, this case will be closed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. KLIKUS, : No. 3:13cv468
        **Plaintiff** :
: (Judge Munley)
    v. :
:
CORNELL IRON :
WORKS, INC., :
        **Defendant** :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 26th day of September 2013, the defendant's motion to dismiss is hereby **GRANTED** as follows:

1) Count One of plaintiff's complaint, wrongful discharge, is **DISMISSED** with prejudice;

2) Count Two, ADEA, and Count Three, PHRA are dismissed without prejudice to plaintiff filing an amended complaint within fourteen (14) days properly alleging these claims; and

3) If plaintiff fails to file an amended complaint in fourteen (14) days, this case will be closed.

                                  **BY THE COURT:**

                                  **s/ James M. Munley**

                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**