IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. KLIKUS, | : | No. 3:13cv468 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CORNELL IRON WORKS, INC., | : | |
| | : | |
| **Defendant** | : | |

# MEMORANDUM

Before the court for disposition is defendant's motion to dismiss plaintiff's amended complaint. This motion is fully briefed and ripe for disposition.

**Background**

Defendant Cornell Iron Works, Inc. (hereinafter "defendant") employed Plaintiff Michael J. Klikus (hereinafter "plaintiff") beginning in 1994 as a Distributor Support Representative. (Doc. 17, Am. Compl. (hereinafter "Am. Compl.") ¶¶ 10-11). On September 6, 2011, defendant's representatives informed plaintiff that he was being discharged for poor job performance. (Id. ¶ 38).

Plaintiff is over forty (40) years of age. (Id. ¶ 9). He alleges that defendant terminated his employment to create a vacancy to hire a younger individual. (Id. ¶ 44). After plaintiff's termination, a younger individual was

hired.  (Id. ¶¶ 35, 39).

The events leading up to plaintiff's termination began in July 2011.  At this time, plaintiff worked as a Distributor Support Representative.  (Id. ¶¶ 15-18).  A customer questioned plaintiff regarding credit towards a transaction.  (Id. ¶¶ 18-21).  Evidently displeased with the plaintiff's response, the customer complained to management, and defendant informed plaintiff that he was going to be transferred to a new position: Special Design and Request Analyst.  (Id. ¶¶ 22-23, 25-26).

A month later, however, defendant informed plaintiff that this position was no longer available and he had to be transferred to the Information Technology Department if he wished to remain with the company.  (Id. ¶ 29).  Evidently the employees working in this department had to deal with computers.  (Id.)  Plaintiff informed his supervisors that he had only a basic knowledge of computers.  (Id. ¶ 30).  Defendant told plaintiff that he would be given a "crash course" in computers.  (Id. ¶ 31).  The date of the proposed crash course, however, conflicted with plaintiff's vacation, which was scheduled for  August 26, 2011 through September 5, 2011.  (Id. ¶¶ 33-34).  Plaintiff requested additional leave due to automobile problems, and his supervisor approved the leave.  (Id. ¶¶ 36-37).  Defendant then terminated

2

plaintiff on September 6, 2011.  (Id. ¶ 38).

Based upon these facts, plaintiff filed a three-count complaint asserting the following causes of action: Count One, Wrongful Termination under Pennsylvania law; Count Two, violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621 *et seq.*; Count Three, age discrimination in violation of the Pennsylvania Human Relations Act, ("PHRA"), 43 PA. CON. STAT. ANN. § 951 *et seq.*  (Doc. 1).

On September 26, 2013, the court dismissed plaintiff's wrongful termination claim with prejudice and plaintiff's ADEA and PHRA claims without prejudice.  (Doc. 16, Mem. & Order dated Sept. 26, 2013). Specifically, the court directed plaintiff to file an amended complaint within fourteen (14) days to properly assert an age discrimination cause of action pursuant to the ADEA and PHRA.  (Id.)  Plaintiff filed a timely amended complaint (Doc. 17), which the defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19).  The parties then briefed the issues bringing the case to its present posture.

**Jurisdiction**

As plaintiff brings suit pursuant to the ADEA, 29 U.S.C. § 621 *et seq.*, we have federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of Review**

Defendant filed their motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public

4

record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual

detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Defendant's sole issue is whether plaintiff's amended complaint fails to sufficiently allege a cause of action for age discrimination. According to the defendant, plaintiff merely offers labels, conclusions and speculation as reasons for holding defendant liable for age discrimination. The law requires more. After a careful review, the court agrees with the defendant's conclusion.

6

Where, as here, the complaining party relies upon circumstantial evidence to support an age discrimination claim, the Third Circuit Court of Appeals has approved the use of the familiar burden shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Rzucidlo v. McHugh, — F. Supp. 2d —, 2013 WL 5408651, at *5, (M.D. Pa. Sept. 25, 2013) (citing Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009)). First, a plaintiff seeking recovery pursuant to the ADEA must establish a prima facie case of discrimination by demonstrating that: (1) he is within the protected age class, i.e. over forty; (2) he was qualified for the position at issue; (3) he was dismissed despite being qualified; and (4) he was replaced by a person sufficiently younger to permit an inference of age discrimination. Smith, 589 F.3d at 689 (citation omitted).[1]

Once the plaintiff establishes this prima facie case, "the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action. If the employer does so, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was pretext for age discrimination." Id.

---

[1] Our analysis is the same for the plaintiff's PHRA claim, as the PHRA and ADEA are evaluated under the same standards. Colwell v. Rite Aid Corp., 602 F.3d 495, 500 n.3 (3d Cir. 2010).

7

Defendant argues that plaintiff's amended complaint fails to establish a prima facie case of age discrimination. The Third Circuit Court of Appeals, however, has explained that because the elements of a *prima facie* case are an evidentiary standard not a pleading standard, the law does not require the plaintiff to establish the elements of a *prima facie* case in his complaint. Fowler v. UPMC Shadyshide, 578 F.3d 203, 213 (3d Cir. 2009). An "evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Id. Rather, plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary" elements of his cause of action. Id. (internal quotation marks and citation omitted). The court finds in this instance, that the *prima facie* elements provide us with a useful background against which to examine plaintiff's amended complaint and will address them *in seriatim*.

**A. Plaintiff is a member of the protected class**

The first element of an age discrimination case is that the plaintiff was in the protected age group, that is, over forty (40) years of age. Smith, 589 F.3d at 689. Here, plaintiff alleges that he was born on June 20, 1955 and was fifty-six (56) years old when he was transferred and eventually terminated. (Am. Compl. ¶¶ 9, 38, 58). As such, plaintiff has sufficiently alleged that he

was a member of the protected age group.

**B. Plaintiff was qualified for the position**[2]

Plaintiff must next aver that he was qualified for the position of a Distributor Support Representative (hereinafter "DSR"). Smith, 589 F.3d at 689. This determination requires the court to focus on the plaintiff's objective qualifications. Matczak v. Frankford Candy & Chocolate, 136 F.3d 933, 938 (3d Cir. 1997).

In the instant case, plaintiff alleges that he was a DSR for seventeen and a half years and processed over 20,000 sales orders in addition to providing customers with over 250,000 pricing estimates. (Am. Compl. ¶¶13-14). Further, plaintiff never received any warning letters or coaching pertaining to his job performance as a DSR. (Id. ¶¶ 48-49). Stated differently, the court may reasonably infer that plaintiff was qualified for this position because the employment relationship between plaintiff and defendant lasted for a number of years without significant issue. Accordingly, plaintiff has sufficiently alleged that he was qualified for the DSR position.

---

[2] Plaintiff's amended complaint clarifies that the position at issue is that of a Distributor Support Representative. (Id. ¶¶ 10-15, 26-28, 30, 35, 29, 41, 43, 47-50, 53 & 59-60).

9

**C. Plaintiff suffered an adverse employment decision**

The third age discrimination element requires the plaintiff to demonstrate an adverse employment decision. Smith, 589 F.3d at 689. The ADEA defines an adverse employment action as discrimination with respect to the "compensation, terms, conditions, or privileges of employment." 29 U.S.C. § 623(a)(1). It requires "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). While direct economic harm is probative, so, too, is conduct that substantially decreases one's earning potential or disrupts his working conditions. Durham Life Ins. Co. v. Evans, 166 F.3d 139, 153 (3d Cir. 1999). The Third Circuit Court of Appeals has also stated that a transfer, even without loss of pay or benefits may, in some circumstances, constitute adverse employment action for the purposes of age discrimination. Torre v. Casio, Inc., 42 F.3d 825, 831 (3d Cir. 1994).

In the instant case, plaintiff alleges that he was removed from his position as a DSR in August 2011. (Am. Compl. ¶ 26, 29). Plaintiff was directed to transfer to defendant's Information and Technology Department or

face outright termination. (Id. ¶ 29). While plaintiff advised defendant that he had limited knowledge of computers, the defendant advised plaintiff not to worry because he would be properly trained. (Id. ¶ 30-31). Plaintiff began training with the defendant's information and technology department. (Id. ¶ 33). On September 6, 2011, however, the defendant terminated plaintiff due to lack of performance. (Id. ¶ 38). Read in conjunction with plaintiff's factual averments, these allegations may satisfy the adverse employment element of plaintiff's age discrimination claim.

**D. Plaintiff was replaced by someone sufficiently younger to permit an inference of age discrimination**

The final element of a *prima facie* age discrimination claim is that plaintiff was replaced by someone of a sufficiently younger age to permit an inference of age discrimination. Smith, 589 F.3d at 689. An age discrimination plaintiff need not establish that he was replaced by a individual outside the protected class. Instead, the focus is whether the plaintiff has provided "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion . . . ." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (quoting Teamsters v. United States, 431 U.S. 324, 358 (1977)). While proof of whether a plaintiff was replaced by an individual outside the protected class is irrelevant, "the

11

fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination." Id. at 313.  An inference of age discrimination, however, "cannot be drawn from the replacement of one worker with another worker insignificantly younger." Id.  Indeed, the Third Circuit Court of Appeals has also reached this conclusion holding "that an ADEA plaintiff may establish the fourth element of the McDonnell Douglas test for a prima facie case by demonstrating that he was replaced by a person sufficiently younger to permit an inference of age discrimination." Smith, 589 F.3d at 689; Maxfield v. Sinclair Int'l, 766 F.2d 788, 793 (3d Cir. 1985).

In the instant case, plaintiff's amended complaint contains three allegations that a sufficiently younger individual replaced him.  First, plaintiff asserts that "a new employee, Scott Dodson, who was sufficiently younger in age than plaintiff" replaced plaintiff as a DSR.  (Am. Compl. ¶ 35).  Second, plaintiff avers that he called the defendant when he saw his DSR position posted on-line two days after his termination.  (Id. ¶ 39).  The defendant advised plaintiff that a "young lady" had been hired to fill the posted position.  (Id.)  Third, plaintiff claims "[u]pon information and belief, it is asserted that [defendant], following the termination of the plaintiff hired a younger individual." (Id. ¶ 44).

Plaintiff's allegations are inadequate. First, plaintiff fails to identify who replaced him. Plaintiff initially claims that Scott Dodson replaced him only to plead four paragraphs later that a younger woman replaced him. Plaintiff's failure to identify who replaced him precludes an inference that his replacement was sufficiently younger. Second, plaintiff's amended complaint fails to establish an inference of age discrimination because plaintiff has failed to allege the age of his replacement. Stated differently, the court cannot determine whether plaintiff's replacement was sufficiently younger because the court cannot identify the age disparity between the plaintiff and his replacement. In short, plaintiff's averments that a sufficiently younger individual replaced him, which give rise to an inference of age discrimination, are legal conclusions that do not have a presumption of truth and can be disregarded. Fowler, 578 F.3d at 210-11 (explaining that when deciding a 12(b)(6) motion "[t]he District Court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions."). Ergo, plaintiff has failed to allege facts that a "sufficiently younger" individual replaced him, which raises an inference of discrimination based on age.

**Conclusion**

For the reasons set forth above, the court finds that plaintiff's amended

complaint fails to state a claim for age discrimination. The court will dismiss this claim without prejudice to plaintiff filing a second amended complaint within fourteen (14) days that properly asserts this cause of action.[3] <u>Alston v. Parker</u>, 363 F.3d 229, 236 (3d Cir. 2004); <u>see</u> <u>also</u> <u>Theron v. Cnty. of York</u>, 3:11-CV-1550, 2012 WL 425259, at *6 (M.D. Pa. Feb. 9, 2012) (allowing plaintiff to filed a second amended complaint to overcome the deficiencies within plaintiff's amended complaint). An appropriate order follows.


**Date:   2/6/14**                                    s/ James M. Munley
                                                      **JUDGE JAMES M. MUNLEY**
                                                      **United States District Court**

---

[3] To establish the third element of an age discrimination claim, plaintiff must allege the age of the individual or individuals that replaced him to give rise to an inference of age discrimination. <u>O'Connor</u>, 431 U.S. 324 at 312-13. Furthermore, it is well settled that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." <u>Gerald Chamales Corp. v. Oki Data Americas, Inc.</u>, 247 F.R.D. 453, 454 (D.N.J. 2007); <u>see</u> <u>also</u> FED. R. CIV. P. 26(d)(2)(A) (stating that "methods of discovery may be used in any sequence . . . ."). As such, the Federal Rules of Civil Procedure do not preclude plaintiff from seeking limited discovery pertaining to the age of employees defendant hired around the time plaintiff was transferred and terminated in 2011.